IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ABDULLAH WHITTINGTON                                                                PLAINTIFF

v.                                                                                     No. 4:05CV127-P-A

CHRISTOPHER EPPS, ET AL.                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Abdullah Whittington, *a.k.a.* Rasdullah Afric Tafari, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated at the time he filed this suit. The plaintiff, who is a member of the Rastafari religion, complains that he ordered a red, black, and green religious headdress known as an Ethiopian Tam on December 15, 2002, but he received a notice that the headdress was contrary to regulation December 24, 2002. Later, Major Michael Kelly removed the Ethiopian Tam from the plaintiff's head, stating that it was contraband.

Another practice of the Rastafari religion is for its members not to cut or wash their hair; over time, the hair of Rastafarians naturally forms long, rope-like locks known as dreadlocks. In another incident, E. Lee, Warden of Unit 29 at the Mississippi State Penitentiary, ordered field operations officers to cut the hair of every inmate so that it does not exceed three inches. The plaintiff refused to have his hair cut based upon religious grounds – stating that he wished to express his religious beliefs with his dreadlocks. The plaintiff was issued a Rule Violation Report.

## *Res Judicata* and Collateral Estoppel

All of the claims the plaintiff brings in this case are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion), as the plaintiff, under the name "Rasdullah Afric Tafari," has already brought this exact claim in this court, and it was dismissed as frivolous. *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts *or proceeding under a different legal theory*; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were *or could have been* raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id. Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*,

449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of the confiscation of his Ethiopian Tam, and his refusal to have his hair cut – and any suits arising out of those events as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against Christopher Epps, Emmitt Sparkman, E. Lee, Dwight Presley, Henry Maxwell, Tommy Ross, Michael Wilson, Michael Kelly, and Betty Foster should be dismissed as frivolous. In short, the plaintiff's claims against all defendants must be dismissed as frivolous.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of June, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE